UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | Case No.: 1:21 CV 1641 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| LORAIN BOARD OF EDUCATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are Defendant Jrayene Nimene's ("Nimene") Motion to Compel (ECF No. 16) and the parties' Stipulated Motion for Extension of Certain Case Deadlines ("Motion to Extend Case Deadlines") (ECF No. 30). For the following reasons, the court grants the Motion to Extend Case Deadlines and grants in part and denies in part the Motion to Compel. Specifically, the court grants the Motion to Compel to the extent that it seeks and order compelling Defendant Lorain City Board of Education (the "Board") to produce an unredacted version of the investigative Report, and denies the Motion to Compel in all other aspects.

## I. BACKGROUND

**A. Factual Background**

Plaintiff Jane Doe ("Plaintiff") has over twenty years of experience as a teacher and began working for Lorain High School in October of 2016, as an intervention specialist. (Second Am. Compl. ¶ 6, ECF No. 1-1.) According to Plaintiff, starting in January 2019, Defendant Nimene who was Lorain City School District's Director of Health and Wellness and a member of

the District's Central Committee engaged in a pattern of sexually harassing her both at work and when she was at home. (*Id*. ¶ 8.) On December 23, 2019, Plaintiff reported Defendant Nimene's conduct to the administration's "People Officer." (*Id*. ¶ 29.) Upon receipt of Plaintiff's complaint, counsel for the Board conducted an investigation into Plaintiff's claims pursuant to the Board's policy. (Def. Board's Resp. at PageID #1111, ECF No. 21.) At the conclusion of this investigation, counsel for the Board prepared an investigative Report ("Report"), which is the subject of the instant discovery dispute before the court.

**B.     Procedural History**

On January 21, 2021, Plaintiff filed her Complaint in the Lorain County Court of Common Pleas, asserting the following three claims for relief under Ohio law: (1) sexual harassment (count one); (2) aider and abettor liability (count two); and (3) civil liability for criminal conduct (count three). (Compl. ¶¶ 30 47, ECF No. 1-2.) Plaintiff subsequently amended her Complaint twice in state court. In her Second Amended Complaint, Plaintiff modified her sexual harassment claim to include a cause of action under both federal and state law. Defendants timely removed the case to this court in response to Plaintiff's assertion of a federal sexual harassment claim.

On December 8, 2021, Defendant Nimene filed a Motion to Compel (ECF No. 16), asking the court to order the Board to produce all information withheld on the basis of attorney-client or work-product privilege. In that Motion, Defendant Nimene lists three concerns relative to this discovery dispute: (1) Nimene complains of the timing of the release of the Report, (2) Nimene asserts that the Report ignored concerns that he sent to the Board's investigators; and (3) Nimene contends that the amount of redactions in the Report "seem excessive." (*Id*. at PageID #1077 1078.) On December 21, 2021, the Board filed an Opposition to the Motion (ECF No. 19), asserting that

the Board's redactions of the Report were proper because "the redacted portions constitute the opinion, advice, and impressions of the Board's attorneys." (*Id*. at PageID #1099.) The Board also maintained that Nimene's first two concerns are not discovery issues that the court can address. (*Id*.) That same day, Plaintiff filed a brief in support of Defendant Nimene's Motion to Compel (ECF No. 20), joining Defendant Nimene in his request for an unredacted version of the Report.

Relatedly, on December 18, 2021, Plaintiff filed a Notice of Discovery Dispute (ECF No. 18), informing the court that there was an ongoing discovery dispute concerning the Board's refusal to produce an unredacted version of the Report. On January 14, 2022, the Board provided an unredacted version of the document at issue to the court, which the court has reviewed *in camera*. (ECF No. 24.) On January 19, 2022, the court held a telephonic status conference with counsel for the parties in the within case to discuss the discovery dispute. (ECF No. 27.) After a discussion of the issues relative to the Notice and Motion to Compel, the court determined that it would issue a written ruling on the matter. (*Id*.)

On March 4, 2022, the parties filed a Stipulated Motion to Extend Certain Case Deadlines (ECF No. 30). In that Motion, the parties asked the court to: (1) extend the discovery deadline to 90 days after the court issues an order resolving the discovery dispute; and (2) extend the dispositive motion deadline to 130 days after the court issues an order resolving the discovery dispute. (*Id*.) Because this Order resolves the parties' discovery dispute, the court hereby grants the parties' Stipulated Motion to Extend Certain Case Deadlines and instructs the parties to proceed with the revised schedule consistent with their joint motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 37(a)(1), when an opposing party fails to produce permitted discovery, "a party may move for an order compelling disclosure or discovery" so long as the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Sixth Circuit has determined that the "scope of discovery is . . . within the broad discretion of the trial court." *Lewis v. AB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Evidence is discoverable if it is non-privileged and relevant to the claims or defenses of either party or "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Lewis*, 135 F.3d at 402. If not obvious on its face, the initial burden of showing that the information sought is discoverable, is on the proponent of a motion to compel. *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (2010); *Gruenbaum v. Werner Enters.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010). Once the information is shown to be discoverable, the burden shifts to the opponent of the motion to compel "to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *Abraham*, 271 F.R.D. at 559.

## III. LAW AND ANALYSIS

At issue is whether the Board waived any privilege or protection that it may have had relative to the Report, when it raised the *Faragher-Ellerth* affirmative defense.[1] As another federal district

---

[1] It is undisputed that in its Answer (ECF No. 3), the Board of Education invoked the *Faragher-Ellerth* affirmative defense. (*See id*. ¶ 25 (asserting that "[the Board] took appropriate action to remedy any and all allegations of harassment lodged by Plaintiff thereby barring some or all of Plaintiff's asserted by causes of action pursuant to the *Faragher-Ellerth* defense").)

court has explained, "[i]n cases of co-worker harassment, an employer can raise the *Faragher Ellerth* affirmative defense, which requires the employer to show that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior." *Reitz v. City of Mt. Juliet*, 680 F. Supp. 2d 888, 892 (M.D. Tenn. 2010). In doing so, employers often retain outside counsel to investigate the employee's sexual harassment allegations, then, "[i]f the employer is sued, it argues that the internal investigation shows the employer's reasonable efforts to detect and prevent harassment." *Id*. Courts have made clear that "a defendant should not be permitted to wield an internal investigation as a sword while simultaneously shielding its contents via work product protections leaving the plaintiff without the ability to meaningfully evaluate the affirmative defense." *Pannek v. U.S. Bank Nat'l Ass'n*, No. 1:19-CV-852, 2021 WL 5533749, at *7 (S.D. Ohio July 21, 2021) (citing *Reitz*, 680. F. Supp. 2d at 892); *see also E.E.O.C. v. Spitzer Mgmt., Inc.*, No. 1:06-CV-2337, 2010 WL 1438819, at *1 (N.D. Ohio Apr. 9, 2010) (stating that "[b]y asserting a defense of adequate investigation, [the defendant] ha[d] waived privileges for documents that constitute evidence of the investigation of the claims for discrimination"); *see also McKenna v. Nestle Purina PetCare Co.*, No. 2:05-CV-0976, 2007 WL 433291, at *4 (S.D. Ohio Feb. 5, 2007) (noting that "there is case law suggesting that by pleading the defense of adequate investigation . . . an employer may waive privileges for documents related to that investigation").

Here, Plaintiff and Defendant Niemene assert that the Board "has waived any attorney-client privilege and work product privilege for the investigatory report into the employee's complaint," by placing the reasonableness of its investigation into Plaintiff's sexual harassment complaint at issue in this dispute. (Pl.'s Resp. at PageID #1105, ECF No. 20; Def. Nimene's Mot. at PageID #1076, ECF No. 16.) On the other hand, the Board concedes that the "fact" portions of the Report

are discoverable specifically, the portions of the documents memorializing the information gathered by the investigators but maintains that the "opinion" portions of the Report remain privileged. (Opp'n at PageID #1099 1100, ECF No. 19.) After considering the parties' arguments and relevant case law, the court finds that Plaintiff and Defendant Nimene's position are well-taken.

Here, the Board points to two cases from other federal district courts for the proposition that the "opinion" portions of the report are not subject to disclosure, and thus, were properly redacted. (Opp'n at PageID #1099 1101, ECF No. 19 (citing *Reitz*, 680 F. Supp. 2d at 895; and *McKenna v. Nestle Purina PetCare Co.*, No. 2:05-CV-0976, 2007 WL 433291, at *4 (S.D. Ohio Feb. 5, 2007)).) However, the Board's reliance on the *McKenna* and *Reitz* decisions is misplaced. In *McKenna*, the court resolved the question of whether the defendant employer was required to disclose the documents at issue on entirely different grounds namely, the court held that, "[i]f an attorney had been consulted about an investigation but **did not himself or herself conduct interviews, make disciplinary decisions, or otherwise participate in the investigation itself**, the contents of the attorney's advice to the client about the investigative process and the decisions made by the employer remain privileged." *McKenna*, 2007 WL 433291, at *4 (emphasis added). However, as Plaintiff points out, *McKenna* does not apply to this case because the Report at issue was prepared by counsel for the Board who "conducted the investigation, interviewed the witnesses, made findings, and rendered their advice to the Board." (Pl.'s Resp. at PageID #1108 1109, ECF No. 20.) Moreover, the word "opinion" is not referenced a single time in the *McKenna* court's decision.

In *Reitz*, the court determined that the "opinion" work product could be redacted because it "ha[d] no bearing on the issues of [the plaintiff's] work performance, the discipline she faced before filing her internal complaint, or any other aspect of [the plaintiff's] **current case**." *Id*. (emphasis

added). *Reitz*, 680 F. Supp. 2d at 895. In reaching its conclusion, the *Reitz* court noted that "[s]ections of the [documents at issue] that reflect the lawyers mental impressions, opinions, conclusions, judgments, or legal theories **are not relevant to the plaintiff's remaining retaliation claim**, nor will they lead to the discovery of relevant information." *Id*. (emphasis added). The *Reitz* court also explained that because plaintiff's hostile environment claim had already been dismissed, the defendant "no longer need[ed] to press its *Faragher Ellerth* defense, and the plaintiff no longer need[ed] to examine the depth of the defendant's investigative efforts." *Id*. at 894.

Here, unlike in *Reitz*, the claim that spurred the Board's investigation namely, Plaintiff's sexual harassment claim remains pending. After reviewing the redacted portions of the Report, *in camera*, the court concludes that understanding the Board's lawyers' opinions, mental impressions, and conclusions with respect to the investigation of Plaintiff's Complaint, is central to Plaintiff's ability to determine whether the internal investigation shows that the Board took "reasonable efforts to detect and prevent harassment." *See Reitz*, 680 F. Supp. 2d at 892. Indeed, it is unclear how Plaintiff could challenge the Board's affirmative defense without an unredacted version of the Report. This is so because the redactions relate to the witnesses' credibility, the investigators' legal analysis of the evidence relative to the investigation, and the investigators' legal conclusion concerning whether sexual harassment occurred. This information is plainly relevant to both Plaintiff's sexual harassment claim and the Board's *Faragher Ellerth* defense. Accordingly, the court grants Defendant Nimene's Motion to Compel, to the extent that he seeks an order compelling the Board to produce an unredacted version of the Report.

### IV. CONCLUSION

For the foregoing reasons, the court grants the Motion to Extend Case Deadlines (ECF No. 30) and grants in part and denies in part the Motion to Compel (ECF No. 16). Specifically, the court grants the Motion to Compel to the extent that it seeks disclosure of an unredacted version of the investigative Report, and denies the Motion to Compel in all other aspects.

IT IS SO ORDERED.

>*/s/ SOLOMON OLIVER, JR.*
>UNITED STATES DISTRICT JUDGE

May 3, 2022