IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | CASE NO. 1:21-cv-01641-SO |
| | ) | |
| PLAINTIFF | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| V. | ) | |
| | ) | |
| LORAIN CITY BOARD OF EDUCATION ET AL, | ) ) | |
| | ) | |
| DEFENDANTS | ) | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes Plaintiff Jane Doe pursuant to Fed. R. Civ. P. 56 (a) and moves for summary judgment as to Defendant Jrayne Nimene's claims of defamation per se; intentional interference with a contract; intentional interference with prospective relations and invasion of privacy. The summary judgment evidence of record establishes that Defendant Nimine cannot establish each element of the foregoing claims and there is no material fact at issue in Defendant's Counterclaim entitling Plaintiff to judgment as a matter of law.

A brief in support of this motion is attached hereto.

Respectfully submitted,

*/s/ F. Benjamin Riek III*
F. Benjamin Riek III (0022703)
Law Offices of F. Benjamin Riek III
21 Furnace St., Suite 808
Akron, Ohio 44308
(330) 410-2518
Email: fbenjaminr@msn.com

Counsel for Plaintiff

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**

**I.      Factual Background**

Plaintiff Jane Doe is a intervention specialist teaching in the Lorain City School District (Doe Dep. P. 15, 17). In that capacity she met Defendant Jrene Nimene who was the District's Director of Student and Family Outreach (Doe Dep. P. 34-37, PX-2). Nimene frequently visited Doe in her classroom primarily during her planning period at the end of the school day (Doe Dep. P. 37). During these visits Nimene began to make unwelcome advances toward Plaintiff (Doe Dep. P. 37-38). Despite her repeated rejection of these advances, Nimene persisted and the boldness of his conduct increased until he attempted to kiss her and grabbed her breasts (Doe Dep. P. 38). This conduct occurred from the spring of 2018 to December 2019 when Doe reported his conduct to the District's Human Resource Officer (then known as the People Officer) on December 23, 2019 (PX- 17).

After Doe filed her complaint, the Board retained outside counsel to investigate Plaintiff's allegations (Gottschling Dep. P. 23). After he received notice of Plaintiff's complaint, Nimene filed his own complaint claiming he was harassed by Doe (PX-5). Both of these complaints were investigated by attorney Erin Poplar (Gottschling Dep. P. 33-36). After interviewing Plaintiff, Nimene and three witnesses, Poplar determined that Nimene had sexually harassed Plaintiff (Poplar Dep. P. 57-58) and that Nimene's complaint was without merit as noted by Carol Gottschling's notes of the March 11. 2020 meeting where Nimene was advised of the results of the district's investigation (Gottschling Dep. P. 36, PX-7).

Plaintiff initiated this action in the Lorain County Court of Common Pleas on January 21 2021. After being served, Defendant Nimene filed an Answer and Counterclaim, (PX-9). In this pleading he asserted claims of (1) defamation *per se,* (2) interference with a contract, (3)

2

interference with prospective contractual relationships, and (4) invasion of privacy (PX-9). The factual basis for these claims stem from Nimene's unfounded accusation that Plaintiff informed various news media outlets and the Oberlin School District of Nimene's sexual harassment of Plaintiff (PX-9, ¶¶ 39-40, Page ID# 371). Mr. Nimene's claims fail as there is no acceptable summary judgment evidence to support his claims that Doe discussed her suit with any newspaper or with the Oberlin School District. All that exists is Nimene's speculation of such conversations. In his deposition Nimene was unable to identify any individual who overheard or was present at any time Doe allegedly spoke to any third party about her suit.

In particular, Nimene alleges in Paragraph 40 (Page ID# 371) of his Counterclaim that "Plaintiff went out of her way to not only send gratuitous comments to all the press in the region but also to [the] Oberlin School District who put Nimene on immediate suspension." When asked in his deposition what evidence he possessed to establish that Doe spoke to any reporters he was unable to identify anyone (Nimene Dep. P. 162-63). Likewise, he was asked when and to whom Plaintiff spoke to at the Oberlin School District, he was unable to identify anyone (Nimene Dep. P. 186). Mr. Nimene also claims that Plaintiff's discussions with the Lorain and Avon Police Departments underlie his counterclaim as set forth in Paragraph 51 of the Counterclaim (PX-9, Page ID# 372).

In support of his interference with a contract claim, Nimene again relies upon the allegation that Doe interfered with his contracts with the Lorain School District and the Oberlin District (PX-9, ¶ 56 , Page ID# 373). When pressed in his deposition when and to whom Plaintiff spoke to at either district, he was unable to provide any facts to support his claim Doe did anything to interfere with either school board contract (Nimene Dep. P. 181). The same affliction attends his claim for intentional interference with prospective contractual relations. Nowhere can Nimene point to any

3

admissible evidence that Doe has taken any action toward any third parties not to enter into or to continue with any contractual relationship with this Defendant. Nimene's deposition confirms this failure of proof (Nimene Dep. P. 189). Finally, the invasion of privacy claim fails as Nimene simply repeats his unsubstantiated claims that Plaintiff's false and accusatory allegations to the press and school districts (PX-9, ¶ 77, Page ID# 375).

In his deposition Nimene admitted that he has no firsthand knowledge of any action by Plaintiff to discuss her sexual harassment allegations with any third party (Nimene Dep. P. 186). Her allegedly injurious statements only became public when the local papers published articles about the case after her suit was filed (Nimene Dep. P. 155, 175). This Defendant admitted the only action Doe has taken is the filing of this suit and Plaintiff's complaint to the State Board of Education (Nimene Dep. P. 197). He has no knowledge if Plaintiff discussed his conduct with any pricipals in the district of any security guards before filing her suit (Nimene Dep. P 152). He does not know if she ever spoke to the press or made comments to media (Nimene Dep. P. 162-64). Also, surprisingly he has not read any of the news articles he claims are injurious to him (Nimene Dep. P. 167). Similarly, he is not sure the statements he attributes to Doe appeared in the newspaper articles, on social media or television (Nimene Dep. P. 168).

It was the newspaper articles that interfered with his contracts with the Lorain and Oberlin School Districts (Nimene Dep. P. 158-59, 180). Yet he does not know who Doe spoke to at either the Lorain or Oberlin School Districts (Nimene Dep. P. 186).

## LEGAL ARGUMENT

### A. Plaintiff's Summary Judgment Burden

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Rule 56(a). On a motion for summary judgment, the Court must view evidence in the light most favorable to the non-moving party. *Kirilenko-Ison v. Board of Education of Danville Indepen. Schs.,* 974 F.3D 652, 660 (6th Cir. 2020) (citing *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

On a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the claim at issue. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 & n.12 (6th Cir. 1989): *Chappel v. City of Cleveland,* 584 F. Supp.2d 974, 988 (N.D. Ohio 2008). After discovery, summary judgment is appropriate if the non-moving party fails to establish "an element essential to that party's case and upon which that party will bear the burden of proof at trial." *Tokmenko v. MetroHealth Sys.,* 488 F. Supp.3d 571, 576 (N.D. Ohio Sept. 21, 2020) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

"The party seeking summary judgment has the initial burden of informing the court of the basis for its motion" and identifying the portions of the record "which it believes demonstrates the absence of a genuine issue of material fact." *Id.* (citing *Celotex Corp.,* 477 U.S. at 322). Then the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more that show there is more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586.

If a genuine dispute exists, meaning "the evidence is such that a reasonable jury could return a verdict for the non-moving party," summary judgment is not appropriate. *Id.* However, if "the evidence is merely colorable or is not significantly probative," summary judgment for the

5

movant is proper. *Id.* However, if "the evidence is merely colorable or is not significantly probative," summary judgment is proper. *Id.* The "mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007) (quoting *Anderson,* 477 U.S. at 247-48). To determine whether a genuine dispute exists, it is not the Court's duty to search the record; instead, the parties must bring those facts to the Court's attention. *See Betkerur v. Aultman Hosp Ass'n,* 78 F.3d 1079, 1087 (6th Cir. 1986). Ultimately, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251.

### B. The Litigation Privilege is an Absolute Bar to all of Nimene's Claims

The litigation privilege provides absolute immunity to parties, witnesses, lawyers, and judges from suits for statements made during and relevant to judicial proceedings. *Reister v. Gardner,* 164 Ohio St.3d 546, 2020-Ohio-5485, ¶ 8. The litigation privilege … is designed to protect "the integrity of the judicial process" by affording participants in litigation with immunity form ….lawsuits over relevant statements made during judicial proceedings. *Willitzer v. McCloud,* 6 Ohio St.3d 447, 448-49 (1993). The litigation privilege is therefore applicable to statements that bear some reasonable relation to the judicial proceedings in which they appear. *Surace v. Wulliger,* 25 Ohio St.3d 229 (1986), *Syllabus*. The litigation privilege provides absolute immunity from civil suits for defamatory statements made during and relevant to judicial proceedings. *Willitzer, Id.* For the privilege to apply, the statement at issue "must be pertinent and material to the matter in hand," meaning that it "must tend to prove or disprove the point to be established and have substantial importance or influence in producing the proper result." *Surace* at 231. "Whether or not the occasion gives the privilege is a question of law for the court." *Id.*

6

Nimene has admitted in his deposition that all of his counterclaims arise from the complaint filed in Lorain County Common Pleas Court that resulted in subsequent newspaper articles (Nimene Dep. P. 175). As a result, he is unable to produce any material facts to support any of his Counterclaims to rebut the preclusive effect of the litigation privilege. Mr. Nimene has failed to produce any other evidence to support the four counterclaims. There are no other depositions or affidavits that provide any evidence of Plaintiff made any statements to any third party whether it be the Lorain County newspapers, or anyone associated with the Oberlin or Lorain School Districts. Without such evidence from a source outside the pleadings in this case, the Counterclaims fail and must be dismissed.

### C. Nimene May Not Rely on Doe's ODE Complaint To Support Any of His Claims

In addition to the newspaper articles discussing this matter, Defendant Nimene also has claimed he has been harmed by Plaintiff's complaint to the Ohio Department of Education (Nimene Dep. P. 181). The reliance on this complaint fails as all files concerning a DOE complaint are confidential. "R.C. 3319.311(A)(1) provides: 'Except as provided in division (A)(2) of this section, all information received **** and all information obtained during an investigation is confidential and is not a public record under section 149.43 of the Revised Code." *Bennett v. Ohio Department of Education,* Scioto App. No. 21CA3948, 2022-Ohio-1747 (May 18, 2022), ¶ 31. The admonition of §3319.311(A)(1) has been reinforced by Ohio Admin. Code 3301-73-04 provides with certain exceptions, "[a]ll information obtained during an investigation is confidential and is not a public record under section 149.43 of the Revised Code." *Id.* "[T]he language in R.C. 3319.311(A)(1) is clear – all information obtained during ODE's investigation is confidential." *Id.* at ¶ 36. This statute prohibits Defendant Nimene from relying on any information submitted by Plaintiff to the ODE regarding Nimene in any manner whatsoever. On the basis of this statute, all

of his claims must be dismissed to the extent they are based in whole or in part on Doe's ODE complaint.

### D. Defendant Nimene Has Not Established any Defamatory Statement by Doe

In order to establish a claim of defamation a party must prove that 1) Doe made a false statement about Nimene; 2) the statement was defamatory or injurious to reputation; 3) the false statement was published; 4) this Defendant was injured and 5) the plaintiff here acted with the necessary degree of fault. *Vail v. Plain Dealer Publishing Co.,* (1995), 72 Ohio St.3d 279. To overcome a motion for summary judgment, Defendant Nimene must make a sufficient showing of the existence of every element essential to his case. *Id.* at 280.

Defendant Nimene has been unable to identify any specific statement made by Plaintiff that he claims was false and injurious to his reputation. In fact, Nimene never read the newspaper articles but only heard of the suit from others (Nimene Dep. P. 167). He testified that the Oberlin School District only learned about these allegations from the articles in the papers (Nimene Dep. P. 159). He also doesn't know where any allegedly false statements appeared (Nimene Dep. P. 168). He also acknowledged that Plaintiff' allegations only became public when published in the local papers after the suit was filed (Nimene Dep. P. 175).

### E. Defendant Nimene Has Not Established any Interference with a Contract

In *Fred Siegel Co., L.P.A. v. Arter & Hadden,* (1999), 85 Ohio St.3d 171, 176, the Supreme Court reaffirmed the elements of tortious interference with contract as set forth in *Kenty v. Transamerica Premium Ins. Co.,* (1995), 72 Ohio St.3d 415. They are (1) the existence of a contract; (2) the wrongdoers' knowledge of the contract; (3) the wrongdoer's intentional procurement of the contract' breach; (4) the lack of justification; and (5) resulting damages.

The only evidence adduced from Nimene in support of this interference claim is that the filing of this lawsuit interfered with his employment contract with the Oberlin School District (Nimene Dep. P. 181). He does not explain how his employment contract was breached by Doe or what specific actions she took to bring about the breach of this contract. Moreover, Nimene has failed to produce his Oberlin contract in order to point out what provision was breached. Such a failure of proof requires dismissal of the interference with contract claim.

**F. There Has Been No Interference with Prospective Contracts by Doe**

Closely aaligned with the interference with contract claim is Nimene's claim for prospective interference with a contact. "One who intentionally and improperly interferes with another's prospective contractual relation … is subject to liability to the other for pecuniary harm resulting from the loss of benefits of the relation, whether the interference consists of (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation." *Walter v. Murphy,* 61 Ohio App.3d 553, 555 (9th Dist. 1988). "In determining whether an actor's conduct in intentionally interfering with a contract or a prospective contractual relation of another is improper or not, consideration is given to the following: (a) the nature of the actor's conduct; (b) the actor's motive; (c) the interests of the other with which the actor's conduct interferes; (d) the interests sought to be advanced by the actor; (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other; (f) the proximity or remoteness of the actor's conduct to the interference; and (g) the relations between the parties." *Id.*

Defendant Nimene's third claim asserts that in some way Plaintiff has interfered with potential future employers of Nimene, (PX-9 ¶¶ 66-67, Page ID# 374). In his deposition this Defendant was unable to identify in what manner Doe took any action to interfere with any

9

employment opportunities of Nimeme (Nimene Dep. P. 189). He alleges that Plaintiff took some undefined action that affected his employment with the Lorain City School District as well as the Oberlin School District. Yet he admitted that the only action Doe has taken was the filing of this suit (Nimene Dep. P. 197) which is absolutely protected activity.

### G. There Has Been No Invasion of Nimene's Privacy

Defendant Nimene's fourth cause of action claims his privacy was invaded (1) by an intrusion upon his solitude or seclusion and / or (2) being held in a false light (PX-9, ¶¶ 77 & 80). As with his other claims Nimene has produced no factual evidence to support any invasion of privacy. The Supreme Court first recognized an action for invasion of privacy in *Housh v. Peth* (1956), 165 Ohio St. 35, by recognizing three causes of action: (1) an unwarranted appropriation or exploitation of one's personality; (2) the publicizing of private affairs with which the public has no legitimate concern; and (3) the wrongful intrusion into one's private activities. (Syllabus paragraph 2). The court later refined its definition of the third cause of action. "[T}he scope of a person's liability for intrusion into another's seclusion requires…. 'One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another of his private affairs or concerns, is subject to liability to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Sustin v. Fee* (1982), 69 Ohio St.2d 143, 145.

Defendant Nimene's alternate privacy claim of being placed in a false light is defined as one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person and (b) the actor had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false

10

light the other would be placed. *Welling v. Weinfeld,* 113 Ohio Sr.3d 464, 2007-Ohio-2451, syllabus.

Since any harm suffered by Nimene from any invasion of privacy is based only upon Plaintiff's filing of this lawsuit or her complaint to the Ohio Board of Education, he has failed to provide evidence to support his privacy claims.

## CONCLUSION

WHEREFORE, for the foregoing reasons Plaintiff requests that Defendant Nimene's Counterclaim be dismissed in its entirety with prejudice.

Respectfully submitted

*/s/ F. Benjamin Riek III*
F. Benjamin Riek III (0022703)
Law Offices of F. Benjamin Riek III
21 Furnace St., Suite 808
Akron, Ohio 44308
(330) 410-2518
Email: fbenjaminr@msn.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiff's Motion for Partial Summary Judgment was served on September *29th*, 2022 to Mark Fusco, mfusco@walterhav.com, Sara Reves Cooper, scooper@walterhav.com, Elizabeth L. Bolduc, ebolduc@walterhav.com and Michael P. Harvey, Esq., counsel for Defendant Jrayene Nimene at MPHarveyCo@aol.com, pursuant to Civ. R. 5(B)(2)(f).

*/s/ F. Benjamin Riek III*