# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JANE DOE,** | ) CASE NO.: 1:21-cv-01641-SO |
| | ) |
| **Plaintiff,** | ) |
| | ) **JUDGE SOLOMON OLIVER, JR.** |
| -vs- | ) |
| | ) |
| **LORAIN COUNTY BOARD OF** | ) |
| **EDUCATION,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANT JRAYENE "JAY" NIMENE'S MOTION TO STRIKE
### AFFIDAVITS SUBMITTED BY JESSICA FALES ON NOVEMBER 2, 2022

**I.      MOTION AND MEMORANDUM IN SUPPORT**

Jessica Fales was extensively deposed and her deposition was filed. She was extensively interviewed by the School Board as part of its investigation and that material has been filed and by Court Order served to the parties. Jessica Fales submitted four affidavits on November 2, 2022. Those are the Affidavits of Cheryl Draga, Andre Hopewell, Alexis Simon and Aaron Thomas.

Of these four affiants, only two people were identified in Plaintiff's Responses to Mr. Nimene's First Set of Consolidated Discovery Requests Including Request for Admissions, those being Aaron Thomas and Andre Hopewell and none of them were identified in Plaintiff's Initial Disclosures on July 28, 2021 filed in the Common Pleas case that we removed to Federal Court.

All that the Plaintiff stated about Andre Hopewell when she answered Mr. Nimene's discovery requests on February 26, 2021 is: "Paraprofessional assigned to Plaintiff's classroom

1

from 2018 to 2020. He saw Nimene in Plaintiff's classroom and offered to allow Plaintiff to stay in another classroom when Nimene approached."

For Affiant Aaron Thomas she stated: "Security Officer at the high school who is aware of Nimene asking Security Officer to unlock Plaintiff's classroom and Plaintiff was not present and to lock it behind him so no one else could get in."

Affiant Alexis Simon is an official of the Lorain Education Association Teacher Union. She and Draga were not disclosed in response to discovery requests, Initial Disclosures or any time before the discovery cutoff in this case.

Aaron Thomas, who was a Safety Officer from 2018 to 2020, is related to Andre Hopewell as cousins and Hopewell is a Teaching Assistant to Jessica Fales. Neither one of them reported anything in 2019. Neither one of them had any reason to interact with Jay Nimene. Any alleged hearsay statements by all of them are inappropriate under the Federal Rules of Evidence, particularly since none of them filed any complaints either at the behest of Jessica Fales or for whatever reasons they may or may not have had, the likely reason being none of this actually occurred.

Jessica Fales' efforts at recreating information about what happened, even though she did not report anything until December of 2019, has to be seen for what it is. She and the people who are close to her in her teaching area have decided to try to resurrect a case that should not have been brought in the first place over allegations that never happened. Jessica Fales concocted these allegations in December 2019 after she did not get the job she wanted that she thought Jay Nimene could help her with, and only after she knew that Mr. Hardy who suggested that she go for the job was leaving the School District.

All of the affiants seem to focus on the school environment regarding Mr. Hardy. But, overlook the fact that the School District was put under State Receivership and that Mr. Hardy was brought in to correct the "sinking ship" if you will. The teachers, who must accept some responsibility for what went on in that district, obviously did not appreciate having their roles challenged, particularly the Union. And Jessica Fales was one of the leaders of what she called "the Climate Committee" which was really subverting the efforts of the State to correct the failed School District.

The information that was submitted by Jessica Fales, not only in her own recent affidavit but the affidavits of four others, two of which were never disclosed to us in the past and the two that were, are hearsay and underscore the fact that they did not report anything when they allegedly knew something back in 2019.

## II. LEGAL DISCUSSION

A Motion to Strike may be filed where evidence relied upon in support of or in opposition to Motion for Summary Judgment is inadmissible. See, Fed.R.Civ.P. 56(c)(2); see also, *Riddick v. S&P Data Ohio, LLC* (N.D. Ohio 2021), 2021 WL 7286744 citing *Cary v. Cordish Co.* (6th Cir. 2018), 31 F. App'x. 401, 405-06 (a district court may refuse to consider inadmissible hearsay).

Federal Civil Rule 56 provides that affidavits or declarations used to support or oppose a summary judgment motion must be made on personal knowledge, set forth facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matter stated. Furthermore, Federal Civil Rule 56(h) provides:

> If satisfied that an affiance or declaration of this Rule is submitted in bad faith or solely for delay, the court – after notice of a reasonable time to respond – may order the submitting party to pay the other party reasonable expenses . . . incurred as a

3

result. An offending party or attorney may also be held in contempt or subject to other sanctions.

Courts have found "bad faith" under Civil Rule 56 when affiance contain perjurious or blatantly false allegations or admitted facts concerning issues central to the resolution of the case. *Riddick,* id. citing *Sutton v. United States, SBA* (6th Cir. 2003)*,* 92 F. App'x 112, 118.

The decision of whether to impose sanctions is within the Court's discretion. See *First Bank of Marietta v. Hartford Uniderwriters Insurance Co.* (6th Cir. 2002), 307 F.3d 501, 510. And, striking material is a drastic remedy that should only be used sparingly and only when the purpose of justice requires. *Riddick* id., citing *Driving School Assoc. of Ohio v. Shipley* (N.D. Ohio 2006), 2006 WL 2667017 at *1.

As already stated above, the Affidavit of Cheryl Draga, who is a math teacher at Lorain School, was not disclosed at all by the Plaintiff until November 2, 2022 and, therefore, should be stricken.

Similarly, the Affidavit of Alexis Simon also was not disclosed prior to November 2, 2022 and should be stricken.

The Affidavit of Andre Hopewell stating that Jay Nimene was flirting with her or called her on the phone or that he found Jay Nimene's behavior "suspicious" or anything that Fales allegedly told him outside of the courtroom is hearsay. It is worth noting that Mr. Hopewell, who was a special education paraprofessional and was working with Jessica Fales, did not report any of this to the School Board in 2019.

Similarly, Aaron Thomas who was a Safety Officer and a cousin of Andre Hopewell noted that Jay Nimene stopped by Jessica Fales' classroom numerous times in 2019 and he claims that

4

Fales, his friend, was nervous yet he notes that nothing was reported by her or him to the School Board. Jessica Fales' 55-paragraph affidavit of November 2, 2022 simply regurgitates what she has already said to the independent investigator assigned to look into her allegations in 2020 by Lorain City Board of Education and her deposition that has been filed in this case in support of summary judgment motions.

The point is that Jessica Fales failed to adhere to any sexual harassment policy; failed to bring her allegations to the Union of which she has been a member for about 20 years; failed to bring her allegations to the School District until it was clear that she did not get the job that she wanted that she thought Jay Nimene could help her with; failed to tell Jay Nimene clearly and unequivocally that she did not want anything to do with him any further until December 2019, at which time he never came by again; failed to show any damage, because she still has the same job that she had before she applied for the job she wanted twice and did not get it either time, once after Jay Nimene was gone.

So, it is easy for Jessica Fales to point the finger at Jay Nimene, who considered her to be a friend engaged in some minor sport flirting for a few months. Yet she does not attribute any of the distress that she had to the fact that a family man with little children who took up with her and her own children committed suicide in 2018 before she took up with Jay Nimene. This does not seem to register with Jessica Fales as being a significant issue. Yet common sense tells anyone if your live-in boyfriend commits suicide it has to be a traumatic event.

### III. CONCLUSION

Two of the affidavits submitted are of people who we never heard of before and should be stricken. Two others who were identified by names and their information is inconsistent with what

they said now, and it is all hearsay at best.  They did not tell anyone at the time in 2019 so it seems contrived.  Jessica Fales has already been deposed and the information from the investigation has been filed.

**WHEREFORE,** for the reasons stated above and for good cause shown, the undersigned counsel on behalf of the Defendant, Jrayene "Jay" Nimene, respectfully requests that the Court consider and grant the Motion to Strike these affidavits because of the witnesses who were not disclosed and the information that is inconsistent with Federal Civil Rule 56 and that it is hearsay and acknowledge that the people who are making these affidavits are friends of Jessica Fales who did not do anything about what they allegedly saw back in 2019 would suggest that all of this is a contrived set of circumstances.

Respectfully submitted,

MICHAEL P. HARVEY CO., L.P.A.

/s/Michael P. Harvey
Michael P. Harvey, Esq. (#0039369)
311 Northcliff Drive
Rocky River, Ohio  44116
Office: (440) 356-9108
Cell:   (440) 570-2812
Email: MPHarveyCo@aol.com
***Attorney for Defendant/Counterclaimant Jrayene Nimene***

**CERTIFICATE OF SERVICE**

This will certify that on November 8, 2022, a copy of the foregoing *DEFENDANT JRAYENE "JAY" NIMENE'S MOTION TO STRIKE AFFIDAVITS SUBMITTED BY JESSICA FALES ON NOVEMBER 2, 2022 was* filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail as appropriate. Parties may access this filing through the Court's docket system.

    F. Benjamin Riek, III
    Law Offices of F. Benjamin Riek III
    755 White Pond Dr., Suite 403
    Akron, Ohio 44320-4224
    Email: fbenjaminr@msn.com
    *Attorney for Plaintiff*

    Mark S. Fusco, Esq.
    Sara Ravas Cooper, Esq.
    Elizabeth L. Bolduc, Esq.
    Walter Haverfield
    1301 East 9th Street
    Cleveland, OH 44114
    mfusco@walterhav.com
    scooper@walterhav.com
    ebolduc@walterhav.com
    *Attorneys for Lorain Board of Education*

                                          /s/Michael P. Harvey
                                          Michael P. Harvey, Esq. (#0039369)
                                          **Attorney for Defendant/Counterclaimant**
                                          **Jrayene Nimene**

**CERTIFICATION OF COUNSEL**

Pursuant to the Federal Civil Rules and the Northern District Local Rules, the undersigned counsel hereby certifies that all reasonable efforts were made to resolve the dispute prior to filing the Motion to Strike the Affidavits. See attached Exhibit A, letter to F. Benjamin Riek, III, Esq.

/s/Michael P. Harvey
Michael P. Harvey, Esq. (#0039369)
*Attorney for Defendant/Counterclaimant*
*Jrayene Nimene*
