UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | Case No. 1:21 CV 1641 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| LORAIN BOARD OF EDUCATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case are Plaintiff Jane Doe's ("Plaintiff") Motion to Strike (ECF No. 43) Defendant Jrayene Nimene's ("Nimene") Motions for Summary Judgment on Plaintiff's Claims (ECF No. 41) and on Nimene's Counterclaims (ECF No. 42), Plaintiff's Second Motion to Strike (ECF No. 47) Nimene's Opposition (ECF No. 46) to Plaintiff's Motion for Partial Summary Judgment on Nimene's Counterclaims (ECF No. 39), and Plaintiff's Motion to Strike the Lorain Board of Education's (the "Board") Motion to Strike Plaintiff's Affidavits (ECF No. 67). For the reasons that follow, the court grants the Motions to Strike Nimene's filings with leave to refile them in accordance with the applicable page limits, and denies the Motion to Strike the Board's Motion to Strike Plaintiff's Affidavits.

Also pending before the court are Nimene's and the Board's Motions to Strike Plaintiff's Affidavits (ECF Nos. 62 and 66, respectively). For the reasons that follow, the court grants in part and denies in part these Motions.

# I. BACKGROUND

## A. Factual Background

Plaintiff, who is proceeding as Jane Doe in light of the sensitive nature of her claims and to protect the identify of her minor school-age children, was hired by Defendant the Lorain City School District (the "District") as an Intervention Specialist in 2016. (Compl. ¶¶ 1, 6, ECF No. 1-1.) Defendant Nimene was at all relevant times the District's Director of Health and Wellness. (*Id.* ¶ 7.) Plaintiff alleges that, beginning in January 2019, Nimene began a pattern of sexual harassment toward her, including touching her without her consent and attempting to kiss her and expose her breasts in her classroom, and demanding that Plaintiff appear nude on video calls. (*Id.* ¶¶ 8–15.) Plaintiff further alleges that she did not report this conduct for fear of retaliation in light of Nimene's relationship with the CEO of the District, David Hardy ("Hardy"), who had already terminated a number of managers and teachers.  (*Id.* ¶¶ 13, 16–18.) Plaintiff claims that on July 16, 2019, the day before she was to interview for the Dean of Academics position, Nimene phoned Plaintiff and offered to come to her home to help her prepare. She alleges that at her home, Nimene grabbed her from behind and began masturbating, then ejaculated onto the back of her dress. (*Id.* ¶¶ 19–25.) Nimene was present at the interview the following day, and Plaintiff claims that his leering during the interview, combined with the events of the day prior, caused Plaintiff to perform poorly in her interview and to ultimately lose the position to less qualified candidates. (*Id.* ¶ 26.) On July 18, 2019, Plaintiff alleges that Nimene demanded to drive to a training session with her, and that on the return trip Nimene began to rub the interior of Plaintiff's upper leg. (*Id.* ¶ 27.) Once Hardy resigned as CEO of the District, Plaintiff felt she could safely report Nimene's conduct to the District's People Officer. She did so on December 23, 2019, and the Board of Education then conducted an investigation and

concluded that Nimene had sexually harassed Plaintiff. (*Id.* ¶¶ 19–25.)

**B. Procedural Background**

      On or about March 12, 2020, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. § 2000e-5(b), and on May 13, 2021, the EEOC issued her a Right to Sue letter under 42 U.S.C. § 2000e-5(f)(1). (*Id.* ¶¶ 31–32.) On August 12, 2021, Plaintiff brought suit against Nimene and the Lorain Board of Education in the Lorain County Court of Common Pleas, claiming sexual discrimination in the form of sexual harassment against the Board and Nimene under 42 U.S.C. § 2000e-2(b) and Ohio Revised Code § 4112.02(A), aider and abettor liability against Nimene under O.R.C. § 4112.02(J), and civil liability for criminal conduct (specifically sexual imposition or gross sexual imposition) against Nimene under O.R.C. §§ 2907.05–06 and 2307.60. On August 24, 2021, the Board and Nimene (collectively, "Defendants") removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446. On August 25, 2021, Nimene filed an Answer (ECF No. 4) that included counterclaims against Plaintiff for defamation *per se*, intentional interference with a contract, intentional interference with prospective contractual relations, and invasion of privacy.

      On September 29, 2022, Plaintiff filed a Motion for Partial Summary Judgment (ECF No. 39) as to Nimene's counterclaims. Nimene filed an Opposition (ECF No. 46) on October 5, 2022, and Plaintiff entered a Reply (ECF No. 50) on October 17, 2022. On October 3, 2022, Nimene filed two Motions for Summary Judgment, one on Plaintiff's claims (ECF No. 41) and one on his own counterclaims (ECF No. 42). The same day, Plaintiff filed a Motion to Strike Nimene's Motions for Summary Judgment (ECF No. 43) for violating the page limit imposed by Local Rule 7.1(f). On October 5, 2022, Plaintiff filed a Second Motion to Strike Nimene's Opposition to Plaintiff's Motion

for Partial Summary Judgment (ECF No. 47) for the same reason. Nimene filed Oppositions to both Motions to Strike on October 5 and 6, 2023 (ECF Nos. 45 and 48), and Plaintiff entered a Reply (ECF No. 49) to both Oppositions on October 17, 2022.

On November 2, 2022, Plaintiff filed the affidavits of five individuals with the court: herself (ECF No. 54), teacher Cheryl Draga (ECF No. 55), special education paraprofessional Andre Hopewell (ECF No. 56), teacher and teachers' union representative Alexis Simon (ECF No. 57), and school safety officer Airon Thomas (ECF No. 59). On November 8, 2022, Nimene filed a Motion to Strike Plaintiff's Affidavits (ECF No. 62), to which Plaintiff filed an Opposition (ECF No. 63) on November 15, 2022. On November 23, 2023, the Board filed its own Motion to Strike Plaintiff's Affidavits (ECF No. 66). On November 30, 2022, Plaintiff filed a Motion to Strike the Board's Motion (ECF No. 67) for violating the page limit imposed by Local Rule 7.1(f), and on December 6, 2022, she filed an Opposition to the Board's Motion to Strike her affidavits (ECF No. 69). The Board of Education filed an Opposition to Plaintiff's Motion to Strike (ECF No. 70) on December 12, 2022, and a Reply in support of its own Motion to Strike Plaintiff's Affidavits (ECF No. 71) the following day.

## II. LAW AND ANALYSIS

### A. Motions to Strike Filings for Violation of Local Rule 7.1(f)

Local Rule 7.1(f) states as follows:

> **(f) Length of Memoranda.** Without prior approval of the Judicial Officer for good cause shown, memoranda relating to dispositive motions must not exceed ... twenty (20) pages for administrative, standard and unassigned cases ... Every memorandum related to a dispositive motion must be accompanied by a certification specifying the track, if any, to which the case has been assigned and a statement certifying that the memorandum adheres to the page limitations set forth in this section. ... Failure to comply with these provisions may

-4-

be sanctionable at the discretion of the Judicial Officer.

Local Rule 7.1(f). All litigants in the Northern District of Ohio must comply with the maximum memoranda lengths set forth in Local Rule 7.1(f). *See Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017) (citing *United States v. Merkosky*, No. 1:02-CR-168, 2008 WL 5169640, at *7 (N.D. Ohio Dec. 9, 2008)). Plaintiff has moved to strike three of Nimene's filings (ECF Nos. 41, 42, and 46) and one of the Board's filings (ECF No. 66) for exceeding these page limits.

This case is assigned to the standard track, and memoranda relating to dispositive motions therefore must not exceed twenty pages in length without prior approval of the court for good cause shown. (*See* Minute Order of Case Management Conference, ECF No. 14.) Nimene's Motion for Summary Judgment on Plaintiff's claims (ECF No. 41) is sixty-seven pages in length, his Motion for Summary Judgment on his own counterclaims (ECF No. 42) is fifty-two pages in length, and his Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 46) is fifty pages in length. In his Oppositions, Nimene requests that the court accept his briefs as filed via leave instanter, arguing that this is "a complicated case with multiple parties, [and] a lot of discovery[.]" (Opp'n at 1, ECF No. 45; Opp'n at 1, ECF No. 48.) In his Opposition to Plaintiff's Second Motion to Strike, Nimene requests in the alternative that the court grant him "short leave to alter the Brief to eliminate some of the information to be put in the appendices as opposed to the actual document." (Opp'n at 2, ECF No. 48.) Plaintiff argues in her Reply that Nimene has not provided good cause to excuse his substantial violation of Local Rule 7.1(f), nor has he explained why leave to exceed the applicable page limit was not sought prior to his filings. (Reply at 1, ECF No. 49.)

The court finds that Nimene has not shown good cause warranting leave to exceed the standard page limits, and therefore strikes Nimene's two Motions for Summary Judgment (ECF Nos.

41 and 42) and his Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 46). The court understood the complexity of this case when it agreed with the parties that the case would be assigned to the standard track and subject to the corresponding page limits. (*See* Minute Order of Case Management Conference, ECF No. 14.)  That complexity is addressed in part by Nimene's ability to file separate motions for summary judgment as to Plaintiff's claims and his own counterclaims. If Nimene found that the allotted pages were insufficient to make his arguments, the time to request an extension of the page limit was before he filed. Even then, such extensions are generally for marginal breaches of the page limit necessary to address a number of legal questions. Here, Nimene has more than doubled the page limit in each filing, and each filing contains thirty-nine pages or more of factual background alone, with his legal arguments sections spanning eight, eleven, and twenty-six pages. It is not the court's place to instruct parties as to the allocation of pages in making their arguments, but the court concludes that Nimene can reasonably address the complexities of the case and his various legal arguments in substantially fewer pages, as Plaintiff and the Lorain Board of Education have done. Nimene's filings (ECF Nos. 41, 42, and 46) are therefore struck, and Nimene may refile them within twenty-one days of the entry of this Order. Thereafter, Plaintiff will have fourteen days to enter Oppositions to Nimene's Motions for Summary Judgment and five days to submit a Reply to Nimene's Opposition to her own Motion for Summary Judgment, and Nimene will have five days to enter Replies to Plaintiff's Oppositions. The court will allow Nimene an additional ten pages over the standard limitation, or a maximum of thirty pages for each filing. Plaintiff, in turn, will be granted the same allowance for her own responsive briefs.

Conversely, Plaintiff's Motion to Strike the Board's Motion to Strike Plaintiff's Affidavits is not well-taken. Plaintiff argues that the Board's Motion mistakenly holds itself to the twenty-page

-6-

limit reserved for dispositive motions, exceeds the fifteen-page limit that applies to motions to strike, and lacks the tables of contents and authorities required for motions exceeding fifteen pages under Local Rule 7.1(f). (Mot. at 1, ECF No. 67.) However, as the Board argues in its Opposition, the Board's Memorandum of Support of its Motion to Strike is in fact only fifteen pages in length, within the limit and not subject to the requirements for memoranda exceeding fifteen pages. The entire file is eighteen pages because it includes the two-page Motion and a Certificate of Service carrying onto a sixteenth page of the memoranda, but these elements are not included in the memorandum itself for page limitation purposes. The Board's Motion does contain a scrivener's error in its Certificate of Compliance misidentifying itself as a Motion for Summary Judgment subject to the twenty-page limitation, but that alone does not warrant striking and refiling the Motion when it in fact complies with the proper page limitation. Plaintiff's Motion to Strike the Board's Motion to Strike (ECF No. 67) is therefore denied.

**B. Motions to Strike Affidavits Filed by Plaintiff**

In her summary judgment briefing, Plaintiff cites to her own affidavit (ECF No. 54) in addition to the affidavits of Cheryl Draga (ECF No. 55), Andre Hopewell (ECF No. 56), Alexis Simon (ECF No. 57), and Airon Thomas (ECF No. 59), all of which were filed with the court on November 2, 2022. Federal Rule of Civil Procedure 56 governs motions for summary judgment and the use of affidavits to support or oppose them, stating as follows in relevant part:

> (c) Procedures.
>> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers, or other materials...

(2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence....

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

FED. R. CIV. P. 56. Also relevant is Federal Rule of Civil Procedure 26, which requires parties to identify in their initial disclosures "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses," including individuals who may provide affidavits. FED. R. CIV. P. 26(a)(1)(A)(i). Rule 26 also requires parties to timely supplement or correct their disclosures in the event that the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process[.]" FED. R. CIV. P. 26(e)(1)(A). If a party fails to comply with Rules 26(a) or (e), Rule 37 states that "the party is not allowed to use that information or witness to supply evidence on a motion ... unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see also Pullins v. NWS Michigan, Inc.*, No. 07-CV-13146, 2008 WL 11355516 (E.D. Mich. July 2,

2008) (refusing to consider affidavits on summary judgment from witnesses not disclosed in response to discovery requests).

In their respective Motions to Strike Plaintiff's affidavits, Defendants Nimene and the Board argue that the affidavits must be excluded in whole or in part because (1) Draga, Hopewell, Simon, and Thomas were not timely disclosed; (2) Plaintiff's own affidavit directly contradicts her prior deposition testimony; and (3) each affidavit fails to meet the Rule 56 requirements that it "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." (Mot. at PageID #2555–57, ECF No. 62; Mot. at PageID #2590–2603.) The court will consider each affidavit in turn, noting that "[i]n resolving a motion to strike, the Court should use 'a scalpel, not a butcher knife,'" striking only the inadmissable portions of an affidavit rather than the entire submission wherever possible. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009) (quoting *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469 (N.D.Ohio 2007)).

### 1. Affidavit of Cheryl Draga

Both Nimene and the Board argue that the affidavit of Cheryl Draga must be struck because Draga was not disclosed as a potential source of information prior to the filing of her affidavit on November 2, 2022. (Mot. at PageID #2556, ECF No. 62; Mot. at PageID #2591–96, ECF No. 66.) The Board points out that while Hopewell, Simon, and Thomas were disclosed in Plaintiff's responses to its interrogatories and requests for production, Draga was still not identified at that stage. (Mot. at PageID #2592, ECF No. 66.) Plaintiff concedes that Draga was not identified prior to the submission of her affidavit. (Opp'n at PageID #2622, ECF No. 69.)

The Sixth Circuit has stated that in determining whether a failure to disclose was substantially

justified or harmless under Rule 37(c)(1), courts should consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir.2014)). The burden is on the party that has failed to comply with Rule 26 to prove harmlessness. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). The Board argues that these factors favor exclusion of the Draga affidavit because (1) the filing of the affidavit was a surprise in light of the lack of disclosure, (2) there is no remedy to that surprise besides exclusion, because discovery is closed and the Board's summary judgment motion is pending and fully briefed, (3) the importance of the evidence is indicated by Plaintiff's reliance on it in her own briefing, and (4) Plaintiff has offered no explanation for her failure to disclose. (Mot. at PageID #2594, ECF No. 66.) Plaintiff responds that the error was harmless because the Board made no effort to depose any of the affiants that she did identify, and that "[g]iven its track record with respect to [Plaintiff's] other witnesses, it is highly unlikely Lorain would have deposed Draga ... [and thus] the Board will be hard pressed to explain how it will be harmed if Ms. Draga's Affidavit is considered in ruling on the dispositive motion." (Opp'n at PageID #2622–23, ECF No. 69.)

The court finds that Plaintiff has not sustained her burden to prove that her noncompliance with Rule 26 was harmless, and that Draga's affidavit must therefore be struck under Rule 37(c)(1). Whether or not the Board sought to depose the other, disclosed affiants is of no moment in determining whether Plaintiff's failure to identify Draga harmed the Board. Parties often choose not to act upon certain information disclosed in discovery, but Rule 26 safeguards their awareness of and

access to information so that they may decide for themselves what is worth investigating further, and how to prepare their arguments accordingly. Here, Plaintiff has, without explanation, failed to identify Draga prior to the close of discovery, and prior to relying on Draga's affidavit to argue against Defendants' dispositive motions. The only suitable remedy is to strike Draga's affidavit, and to disregard any reference to the affidavit Plaintiff makes in her briefs. *See Howe*, 801 F.3d at 747 ("exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e)").

### 2. Affidavit of Plaintiff

#### a. Contradiction of Prior Deposition Testimony

The Board argues that Plaintiff's own affidavit must be stricken because it contradicts Plaintiff's prior deposition testimony, citing *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899 (6th Cir. 2006). The Sixth Circuit stated in *Aerel* that, "a party cannot create a disputed issue of material fact by filing an affidavit that contradicts the party's earlier deposition testimony." *Id.* at 906 (citing *Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th Cir.1997)). The Court of Appeals clarified, however, that this rule does not "prevent[] a party who was not directly questioned about an issue from supplementing incomplete deposition testimony with a sworn affidavit. Such an affidavit fills a gap left open by the moving party and thus provides the district court with more information[.]" *Id.* at 907. A district court deciding the admissibility of a post-deposition affidavit at the summary judgment stage must therefore strike the affidavit to the extent it directly contradicts the prior sworn testimony of the nonmoving party, unless the nonmoving party provides a persuasive justification for the contradiction. *Id.* at 908. If there is no direct contradiction, the district court should not strike the affidavit unless it "constitutes an attempt to create a sham fact issue." *Id.* (citing *Franks v.*

*Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986)). The *Aerel* court noted that "the existence of a sham fact issue turns on 'whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion [that] the affidavit attempts to explain.'" *Id.* at 909 (citing *Franks*, 796 F.2d at 1237).

The Board contends that Plaintiff's affidavit contains several direct contradictions of her deposition testimony. First, Plaintiff stated in her deposition that "I asked [Nimene]" for help in preparing for her Dean of Academics interview, and states in her affidavit that "[Nimene] offered to help me ...[and] I agreed to his offer." (Mot. at PageID #2597, ECF No. 66; Doe Dep. 66:9–16, ECF No. 40; Doe Aff. ¶ 29, ECF No. 54.) Second, Plaintiff states in her deposition that "I started to include [Nimene] in some of the functions with the committee that I would hold[,]" and states in her affidavit that, "I did not invite [Nimene] to visit ... other than attending the Climate Committee that I started where he helped fund some events." (Mot. at PageID #2597, ECF No. 66; Doe Dep. 36:14–17, ECF No. 40; Doe Aff. ¶ 4, ECF No. 54.) Third, the Board notes that Plaintiff stated in her deposition that District CEO David Hardy spoke with her about helping a particular student to graduate, which it argues is inconsistent with Plaintiff's assertion in her affidavit that Hardy sought to intimidate her by sending administrators to observe her classroom. (Mot. at PageID #2597, ECF No. 66; Doe Dep. 39:17–25, 40:8–21, ECF No. 40; Doe Aff. ¶¶ 15–19, ECF No. 54.) Finally, the Board argues that Plaintiff's deposition statements indicating that she was aware that the District had a human resources department contradict her affidavit statement that she did know to whom she should report sexual harassment. (Mot. at PageID #2597, ECF No. 66; Doe Dep. 45:9–24, ECF No. 40; Doe Aff. ¶ 23, ECF No. 54.) In response, Plaintiff argues that any variance between the accounts

-12-

in her deposition and her affidavit are de minimus and do not constitute direct contradictions, and in the alternative, that any striking should be limited to the contradictory elements rather than the entire affidavit. (Opp'n at PageID #2611–2614, ECF No. 69.)

The court finds that only the Board's first example, regarding who initiated Nimene's assistance of Plaintiff with interview preparation, constitutes a direct contradiction. Either Plaintiff asked for help first, or Nimene offered first—both cannot be true, so Plaintiff's affidavit statement directly contradicts her deposition testimony and must be struck. The Board's other alleged contradictions, however, do not rise to the Sixth Circuit's "relatively narrow definition of a contradiction." *See Briggs v. Potter*, 463 F.3d 507, 513 (6th Cir. 2006). Although Plaintiff states in her affidavit that Nimene entered her classroom uninvited, she specifically makes exception for the committee events mentioned in her deposition. Furthermore, that Plaintiff discussed a particular student with CEO Hardy does not preclude Hardy from sending administrators to monitor her classroom. Finally, Plaintiff's awareness of the existence of the human resources department does not necessitate that she know who in particular to contact to report sexual harassment, especially in light of the shuffling of administrative personnel she describes in her affidavit. In each of these cases, Plaintiff's affidavit testimony merely adds information and context, rather than controverting her deposition testimony. Therefore, the only piece of Plaintiff's affidavit that must be struck for directly contradicting her deposition testimony is the third and fourth sentences of paragraph twenty-nine, which state that "[Nimene] offered to help with my presentation as he had experience with this type of interview. I agreed to his offer." (Doe Aff. ¶ 29, ECF No. 54.)

The Board further contends that Plaintiff's affidavit should be struck because it constitutes a "sham" affidavit. (Reply at 2–5, ECF No. 71.) The Board argues that this is so because the affidavit

-13-

directly contradicts Plaintiff's deposition, citing the same alleged contradictions discussed above. (*Id.* at 3–4.) This argument constitutes a misrepresentation of the framework set forth in *Aerel*, which makes clear that the question of whether an affidavit seeks to create a sham fact issue is only reached once the court has determined that the affidavit does not directly contradict prior deposition testimony. *See Aerel*, 448 F.3d at 908 ("If ... there is no direct contradiction, then the district court should not strike or disregard that affidavit unless the court determines that the affidavit 'constitutes an attempt to create a sham fact issue.'"). The court therefore rejects this argument.

The Board next asserts that the affidavit creates sham facts because Plaintiff had ample opportunity to offer the facts set forth in her affidavit during her thorough cross-examination on the same topics when she was deposed, but did not do so. (Reply at 4–5, ECF No. 71.) Plaintiff responds that she was not questioned directly about the facts shared in her affidavit, and was under no obligation to provide that information during the deposition rather than in a subsequent affidavit. (Opp'n at PageID #2613, ECF No. 69.) In support, Plaintiff cites *Briggs v. Potter*, 463 F.3d 507, 513 (6th Cir. 2006), in which the Sixth Circuit found that a nonmovant at the summary judgment stage "was not under any obligation to volunteer" that which "he was not expressly asked" about in his deposition, and that the nonmovant therefore "should not be prevented from providing greater detail in a later affidavit." The court finds the situation here similar to those in *Aerel* and *Briggs*. The affidavit fills in gaps in Plaintiff's deposition testimony with more information and context regarding topics on which Plaintiff was not directly questioned, and nothing in the record suggests that Plaintiff submitted the affidavit in an attempt to contradict her prior testimony. The court therefore declines to strike the affidavit as a sham affidavit.

### b. Compliance with Rule 56

-14-

### i. Personal Knowledge

The Board also contends that portions of Plaintiff's affidavit violate Rule 56 because they are not based on personal knowledge. Specifically, the Board argues that paragraphs seventeen, nineteen, twenty-one, and forty-one discuss "the feelings of unknown, unnamed colleagues ... based purely on speculation and conjecture." (Mot. at PageID #2600, ECF No. 66.) The Board relies on this court's decision in *Yeazel v. Baxter Healthcare Crop.*, No. 1:09-HC-60186, 2011 WL 711453, at *3 (N.D. Ohio Feb. 22, 2011), which struck portions of an affidavit that were "not premised on firsthand observations or personal experience and are not established by specific facts." The *Yeazel* court also noted that "affidavits based on mere 'information and belief,' as opposed to facts the affiant knows to be true, are not proper." *Id.* at *2. In response, Plaintiff contends that the paragraphs in question are all based on her personal knowledge and experience. (Opp'n at PageID #2615, ECF No. 69.)

The court concludes that portions of Plaintiff's affidavit are not based on personal knowledge and must be struck. First, paragraphs nineteen and forty-one set forth only Plaintiff's personal observations and her feelings on or interpretations of those specific facts, and are therefore proper. Paragraph seventeen is not based on personal knowledge to the extent that it states that other teachers at the school felt intimidated or anxious, so the court strikes the phrases "intimidated teachers at the high school" and "and all my colleagues" from that paragraph. Paragraph twenty-one only relates Nimene's interactions with Mr. Grissom and Airon Thomas, without offering specific facts to explain how Plaintiff came to have personal knowledge of those interactions, and must therefore be struck in its entirety.

### ii. Admissibility

The Board also argues that paragraphs twenty-seven and forty-eight contain inadmissible

hearsay and should therefore be struck. (Mot. at PageID #2601, ECF No. 66.) The court identifies only one sentence in paragraph twenty-seven that could constitute hearsay: "[Dan] Blatt asked me why Nimene was always going into my room and when I wasn't there, looked like someone who had 'lost his puppy'." (Doe Aff. ¶ 27, ECF No. 54.) Federal Rule of Evidence 801(d)(2)(D) provides that statements "made by the [opposing] party's agent or employee on a matter within the scope of that relationship and while it existed" are not hearsay.  Here, while Blatt was an employee of the Board at the time, the alleged statement is not within the scope of Blatt's employment as a teacher, and is therefore inadmissible hearsay that must be struck. Paragraph forty-eight is extensive and, as Plaintiff argues, the Board does not carry its burden to identify the particular statements it believes are inadmissible and to explain the basis for that inadmissibility. (Opp'n at PageID #2617, ECF No. 69); *see also Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 958 (S.D. Ohio 2000) (quoting *Ernst Seidelman Corp. v. Mollison*, 10 F.R.D. 426, 428 (S.D.Ohio 1950)) ("The Court cannot and should not be expected to go through the [] affidavit 'with a fine-tooth comb' and pick out the 'certain portions' which the defendants (from their viewpoint) feel should be stricken. That duty and responsibility rests upon the defendants."). Considering paragraph forty-eight nonetheless, the court does not identify any statements that are not either the Plaintiff's own or those of Nimene, who is an opposing party under Evidence Rule 801(d)(2)(A). Paragraph forty-eight is therefore not struck.

The Board further contends that paragraphs nine, thirteen, forty-six, and fifty-two must be struck because they reference documents or other evidence that are not in the record. (Mot. at PageID #2603, ECF No. 66.) Plaintiff responds that all documents referenced are properly before the court. (Opp'n at PageID #2620, ECF No. 69.) Paragraphs nine and fifty-two reference texts to Mike

Grissom and to Nimene that Plaintiff submitted into evidence. (*See* Doe Dep. 119:2–4, ECF No. 40.) Plaintiff asserts in her Opposition that the image sent to Nimene that she references in paragraph thirteen is "no longer in her possession[,]" as she explained in her deposition that she deleted some messages sent between her and Nimene "just randomly." (Opp'n at PageID #2621, ECF No. 69; Doe Dep. 119:24–120:1.) The court finds that none of these paragraphs need be struck. Paragraph forty-six describes the contents of a voicemail that Plaintiff argues she did not preserve because "[t]here is no requirement that a party preserve any voicemails she might receive[.]" (Opp'n at PageID #2621, ECF No. 69.) The Board responds that Plaintiff was under obligation to preserve the voicemail in anticipation of this litigation. (Resp. at 11, ECF No. 71.) It is unclear from the parties' briefing at what time the voicemail was actually deleted, but Plaintiff's contention is incorrect. Certainly, once litigation was anticipated, she had a duty not to delete the voicemail she intended to reference in her argument. The court will therefore strike the third and fourth sentences of paragraph forty-six which reference the voicemail.

### iii. Competence

The Board also contends that Plaintiff's affidavit must be struck because it fails to affirmatively show that Plaintiff is competent to testify as to the matters set forth therein. The Sixth Circuit has held that, "'[t]he threshold for Rule 602 is low[,]' and '[t]estimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about.'" *United States v. Smith*, 516 F. App'x 592, 595 (6th Cir. 2013) (quoting *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir.1990)). The Board argues that each of Plaintiff's submitted affidavits must be struck because they do not "contain language required by Rule 56 as to the respective witness' comptency[,]" but Rule

-17-

56 requires no particular language so long as, pursuant to Evidence Rule 602, the affidavit contains statements "sufficient to support a finding that the witness has personal knowledge of the matter." (Mot. at PageID #2602, ECF No. 66); FED. R. EVID. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."). Here, Plaintiff provides the basis for her personal knowledge when she describes her role in the District at the outset of her affidavit. (Doe. Aff. ¶¶ 1–3, ECF No. 54.) Furthermore, the Board fails to identify on what aspects of her affidavit in particular Plaintiff is not competent to testify. *See Reddy*, 137 F. Supp. 2d at 958. Plaintiff's affidavit therefore contains the requisite showing of competence.

### 3. Affidavit of Andre Hopewell

Defendant Nimene argues that Hopewell's affidavit is inadmissible hearsay to the extent it states that, "Nimene was flirting with [Plaintiff] or called her on the phone or that he found Jay Nimene's behavior 'suspicious' or anything that [Plaintiff] allegedly told him outside of the courtroom[.]" (Mot. at PageID #2556, ECF No. 62.) Paragraphs ten and thirteen of Hopewell's affidavit contain statements made by Plaintiff to Hopewell, which are hearsay and must therefore be struck. Each reference to Nimene's conduct is either a direct observation of Nimene by Hopewell or a party opponent statement under Evidence Rule 801(d)(2)(A), and is therefore proper.

The Board contends that Hopewell is not competent to state in paragraph eight that Nimene had "no responsibility for special education" because he does not show a knowledge of "the employment decisions and day-to-day activities related to Nimene's employment at Lorain City Schools." (Hopewell Aff. ¶ 8, ECF No. 56; Mot. at PageID #2603, ECF No. 66.) The court rejects this argument because Hopewell states in his affidavit that he was a special education paraprofessional in the District during the relevant time period, and that is sufficient to render him

-18-

competent to speak on who did or did not have responsibility for special education in the District at that time. (Hopewell Aff. ¶ 2, ECF No. 56.)

The Board further asserts that paragraph sixteen of Hopewell's affidavit must be struck because it references a Code of Conduct not in the record. (Mot. at PageID #2603, ECF No. 66.) This argument is not well-taken because the Code of Conduct is in the record. (*See* Nimene Dep. Ex. 4, Lorain City Schools Code of Conduct, ECF No. 36-4.)

### 4. Affidavit of Alexis Simon

As a preliminary matter, Defendant Nimene argues that Alexis Simon's affidavit should be struck because, like Cheryl Draga, Simon was not disclosed prior to the filing of her affidavit on November 2, 2022. (Mot. at PageID #2556, ECF No. 62.) This argument is not well-taken because, as Plaintiff explains in her Opposition to Nimene's Motion, Simon was disclosed in Plaintiff's responses to Defendants' interrogatories as Alexis Thomas (her birth name) before she married and changed her name to Simon. (Opp'n at PageID #2565, ECF No. 63.) Simon was thus timely disclosed.

The Board argues that Simon's affidavit does not establish her competence to testify on "specific grievances and union related facts which she lays no basis how she is [competent] to testify to[]." (Mot. at PageID #2603, ECF No. 66.) However, Simon attests that in the relevant period she was "a teacher at Frank Jacinto High School and an official in the Lorain Education Association that represented the teachers in the Lorain City School District." (Simon Aff. ¶ 2, ECF No. 57.) Serving as an official in the teachers' union qualifies Simon to testify on union-related matters, including teachers' grievances. The Board's competency argument therefore fails.

The Board also alleges that paragraphs five, seven, and eight of Simon's affidavit must be

-19-

struck as inadmissible hearsay and/or because they present legal conclusions. These paragraphs refer generally to the effect on the District's teachers of District policies or practices, without asserting any particular statements from any individual teachers, and are therefore not hearsay. Simon states that that teachers opted not to pursue grievances "out of fear for their position or retaliation from the Hardy Administration[,]" and that two teachers were reinstated after "what turned out to be false grounds for termination." (Simon Aff. ¶¶ 7–8, ECF No. 57.) These statements reflect Simon's observations in her role as a representative for teachers in the Lorain Education association. She does not express that it is her personal opinion that any teacher's fear of retaliation was well-founded, and her statement that the grounds for the termination of two teachers were false is factually supported by her statement in the same paragraph that the teachers were reinstated. The statements are therefore admissible.

Finally, the Board contends that paragraph six of Simon's affidavit must be struck because it references documents not in the record. (Mot. at PageID #2603, ECF No. 66.) However, as Plaintiff argues in response, that paragraph only references the change in the number of grievances filed and does not discuss any particular grievance. (Opp'n at PageID #2621, ECF No. 69.) The paragraph is therefore proper and will not be struck.

### 5. Affidavit of Airon Thomas

The Board asserts that paragraph nine of Thomas's affidavit must be struck because Thomas's statement that "Cheryl Bansek ... asked me why Nimene was visiting Plaintiff so often" constitutes inadmissible hearsay. (Thomas Aff. ¶ 9, ECF No. 59; Mot. at PageID #2600–01, ECF No. 66.) Plaintiff argues in response that the statement is admissible as a party opponent statement because Bansek's duty to report suspected sexual harassment is within the scope of her employment

-20-

by the Board. (Opp'n at PageID #2617, ECF No. 69.) As with the statement of Dan Blatt discussed in Section II.B.2.b.ii above, the court is not persuaded that Bansek's question fell within the scope of her employment, and must therefore strike from paragraph nine the statement that Bansek asked Thomas why Nimene was visiting Plaintiff. The Board also argues that Thomas's relation of Nimene's statements constitutes "double hearsay[,]" seeming to argue that the party opponent statement exception applies to Nimene's statement but not Thomas's sharing of that statement in his affidavit. (Reply at 9, ECF No. 71.) The sworn statements Thomas makes in his affidavit cannot constitute hearsay as to Thomas himself, just as any in-court or deposition testimony of Thomas would not be hearsay as to Thomas, so this argument fails. However, the court will strike the portion of paragraph ten that states that, "[Plaintiff] said she was scared to tell me for fear of retaliation[,]" as that statements constitutes hearsay as to Plaintiff.

The Board also seeks to strike paragraph six from Thomas's affidavit, arguing that Thomas does not establish his competence to state that, "I was not aware of any reason for [Nimene's] frequent visits [to Plaintiff's classroom]." (Thomas Aff. ¶ 6, ECF No. 59; Mot. at PageID #2602, ECF No. 66.) The court finds that Thomas establishes his competence, as Safety Officer in Lorain High School, to discuss his observation of Nimene visiting Plaintiff's classroom, and his lack of awareness of the reason for those visits. The Board alludes to the "negative inference" suggested by Thomas's lack of knowledge of the reason for the visits, but Thomas makes no such inference in the affidavit. Thomas is competent to state what he observed and whether he was aware of an explanation for what he observed, and it is for the court to determine, at the summary judgment stage, what inferences may be drawn from those statements in its determination of the existence of genuine issues of material fact.

-21-

### III. CONCLUSION

For the foregoing reasons, the court grants Plaintiff's Motions to Strike as to Nimene's Motions (ECF Nos. 43 and 47) and thereby strikes Defendant Nimene's Motions for Summary Judgment (ECF Nos. 41 and 42) and Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 46). The court grants Nimene leave to refile the Motions and Opposition within 21 days of the entry of this Order, and subject to the thirty-page limit imposed by Local Rule 7.1(f). The court denies Plaintiff's Motion to Strike the Board's Motion to Strike Plaintiff's Affidavits (ECF No. 67).

The court also grants in part and denies in part Nimene's and the Board's Motions to Strike Plaintiff's Affidavits (ECF Nos. 62 and 66, respectively). The following portions of the affidavits are struck, and reference to them in the briefing on pending motions will be disregarded, while the rest of the affidavits remain in the record:

**Affidavit of Cheryl Draga:** struck in its entirety.

**Plaintiff's Affidavit:**

Paragraph seventeen: the phrases, "intimidated teachers at the high school" and "and all my colleagues."

Paragraph twenty-one in its entirety.

Paragraph twenty-seven: the sentence, "Blatt asked me why Nimene was always going into my room and when I wasn't there, looked like someone who had 'lost his puppy'."

Paragraph forty-six: the sentences, "He then left me a voicemail saying 'Every time, I call it seems like you never pick up and I'm starting to feel a certain kind of way.' To me, the voicemail sounded threatening as I need to stop ignoring his calls and facetime requests."

**Affidavit of Andre Hopewell:**

-22-

Paragraphs ten and thirteen: struck in their entirety.

**Affidavit of Alexis Simon:** admitted in its entirety.

**Affidavit of Airon Thomas:**

Paragraph nine: the sentence, "On one occasion in the fall of 2019 she asked me why Nimene was visiting Plaintiff so often."

Paragraph ten: the phrase, "but she said she was scared to tell me for fear of retaliation."

IT IS SO ORDERED.

                    /s/ SOLOMON OLIVER, JR.
                    UNITED STATES DISTRICT JUDGE


August 25, 2023

-23-