UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | Case No.: 1:21 CV 1641 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| LORAIN BOARD OF EDUCATION, *et al.*, | ) ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant Jrayene Nimene's Motion for Reconsideration ("Motion") (ECF No. 85). For the reasons that follow, the court denies the Motion.

**I. BACKGROUND**

On March 29, 2024, the court granted summary judgment to Plaintiff Jane Doe on all of Nimene's counterclaims against her, and to Nimene on all but one of Doe's claims against him. (ECF No. 84.) The lone remaining claim in this case is Doe's claim against Nimene under Ohio Revised Code § 2307.60(A)(1). That statute provides a cause of action to "[a]nyone injured in person or property by a criminal act" and permits prevailing plaintiffs to recover full damages, plus costs, attorney fees, and punitive damages, as authorized by Ohio law. Doe alleges that she was injured by Nimene's criminal act of gross sexual imposition, which is codified at Ohio Revised Code § 2907.05.

After ruling on the summary judgment motions, the court set a status conference for May 14, 2024. Then, the day before the status conference, Nimene filed a Motion for Reconsideration (ECF No. 85), urging the court to reconsider its decision not to grant him summary judgment on Doe's § 2307.60 claim. In it, Nimene makes three principal arguments. First, Nimene argues that Doe's § 2307.60 claim is time-barred—an argument he did not raise in his Motion for Summary Judgment (ECF No. 75). (ECF No. 85 at PageID #2862–65.) Second, Nimene reiterates his side of the story—that he did not commit gross sexual imposition against Doe. (*Id.* at PageID #2865–66.) Third, Nimene argues that Doe's § 2307.60(A)(1) claim should fail because he was not criminally prosecuted for gross sexual imposition. (*Id.* at PageID #2866–69.) Nimene did advance the latter two arguments in his Motion for Summary Judgment.

Subsequently, Doe filed an Opposition Brief (ECF No. 88), and Nimene filed a Reply (ECF No. 89). The matter is now ripe for adjudication.

## II. LEGAL STANDARD

Under both common law and Federal Rule of Civil Procedure 54(b), "[d]istrict courts have authority . . . to reconsider interlocutory orders." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Reconsideration is typically warranted "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* Ultimately, though, the court is "free to reconsider or reverse its decision for any reason." *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005).

## III. DISCUSSION

The court first addresses Nimene's statute of limitations argument. Then it addresses

Nimene's additional arguments for reconsideration.

### A. Statute of Limitations

First, a note of clarification: Because Nimene did not argue that Doe's § 2307.60 claim was time-barred in his Motion for Summary Judgment, the court has had no reason to consider the statute of limitations issue until now. Thus, Nimene should not have raised this argument as part of his Motion for Reconsideration; after all, there is nothing on this point for the court to reconsider. A better approach would have been for Nimene to seek leave to file a second motion for summary judgment and to raise the statute of limitations argument in that motion. Nevertheless, the court will consider the substance of Nimene's argument because he properly preserved it by raising the statute of limitations as an affirmative defense in his Answer. (ECF No. 4 at PageID #366.)

Ohio courts disagree about the statute of limitations for § 2307.60 claims. The Eighth District applies a one-year limitations period, *Steinbrick v. Cleveland Elec. Illuminating Co.*, 1994 Ohio App. LEXIS 3756, at *4–5 (Ct. App. Aug. 25, 1994), while the Tenth District applies a six-year limitations period, *Harris v. Cunix*, 2022-Ohio-839, ¶ 27, 187 N.E.3d 582 (Ct. App.). Historically, more courts have followed the Eighth District's approach. So the court should do so here as well.

However, in making an *Erie* guess, this court's job is not simply to identify and adopt the majority rule; it is to "anticipate how the relevant state's highest court would rule in the case." *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005). And here, all indications are that the Supreme Court of Ohio would hold that § 2307.60 claims are subject to a six-year limitations period, regardless of lower-court decisions to the contrary.

The key question underlying the statute of limitations issue: Is § 2307.60 remedial or penal?

-3-

If it is remedial, the six-year limitations period applies. *See* Ohio Rev. Code § 2305.07(B). But if it is penal, the one-year limitations period applies. *See* Ohio Rev. Code § 2305.11(A). The answer turns on "whether the primary purpose of the statute is to penalize or to remedy and compensate." *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, 2007-Ohio-2203, ¶ 16, 865 N.E.2d 1275; *see also Cosgrove v. Williamsburg of Cincinnati Mgmt. Co.*, 1994-Ohio-295, 638 N.E.2d 991, 996 (Resnick, J., concurring, joined by four other Justices) (identifying three factors that bear on the remedial–penal distinction: "(1) whether the purpose of the statute is to redress individual wrongs or wrongs to the public, (2) whether recovery runs to the individual or to the public, and (3) whether the authorized recovery is wholly disproportionate (or unrelated) to the harm suffered").

Both statutory text and caselaw make clear that the primary purpose of § 2307.60 is to remedy and compensate. Section 2307.60, after all, "creates a civil cause of action for *damages* resulting from any criminal act." *Jacobson v. Kaforey*, 2016-Ohio-8434, ¶ 13, 75 N.E.3d 203 (emphasis added); *see also* Ohio Rev. Code § 2307.60(A)(1) ("Anyone injured in person or property by a criminal act has, any may recover full *damages* in, a civil action . . . ." (emphasis added)). By providing for damages, § 2307.60 evinces a purpose to compensate crime victims for their injuries. Indeed, in *Rosette v. Countrywide Home Loans, Inc.*, 2005-Ohio-1736, ¶¶ 13–16, 825 N.E.2d 599, the Supreme Court of Ohio held that another statute was remedial—and therefore subject to a six-year limitations period—because it used the term "damages," as opposed to "penalty" or "forfeiture." That is all but dispositive here.

In concluding otherwise, the Eighth District reasoned that because punitive damages are also available under § 2307.60 (so long as they are authorized by a separate section of the Ohio Revised Code), § 2307.60 must be penal in nature. *Steinbrick v. Cleveland Elec. Illuminating Co.*,

1994 Ohio App. LEXIS 3756, at *4–5 (Ct. App. Aug. 25, 1994). But *Steinbrick* was decided before *Cosgrove*, *Rosette*, and *Cleveland Mobile Radio Sales*—the three Supreme Court of Ohio decisions most relevant to the issue. Moreover, *Steinbrick* offered no support for its proposition that the mere availability of punitive damages, by itself, suffices to make a statute penal and not remedial. That is not the standard the Supreme Court of Ohio has employed to analyze the remedial–penal distinction, and indeed, "it is difficult to see why such language, subsidiary to the statute's authorization of a civil action to recover damages, would make [§ 2307.60] penal in nature as a whole." *Brack v. Budish*, 539 F. Supp. 3d 794, 800 (N.D. Ohio 2021).

True, several courts have applied *Steinbrick*—usually without any independent analysis—in the years since its release. But that does not mean that the Supreme Court of Ohio would do the same—especially given the Tenth District's recent decision in *Harris v. Cunix*, 2022-Ohio-839, 187 N.E.3d 582 (Ct. App.). *Harris* thoroughly analyzed § 2307.60 in light of the Supreme Court of Ohio's directive to consider "whether the *primary purpose* of the statute is to penalize or to remedy and compensate," *Cleveland Mobile Radio Sales, Inc.*, 2007-Ohio-2203, ¶ 16 (emphasis added), and found it to be remedial. *Harris*, 2022-Ohio-839, ¶ 35. Because *Harris* applied the correct legal standard, it represents the more likely route the Supreme Court of Ohio would take in interpreting § 2307.60. Indeed, another judge in this District recently reached the same conclusion. *Garner v. Clev. Clinic Found.*, 2024 U.S. Dist. LEXIS 96724, at *43 (N.D. Ohio May 29, 2024) (determining that "the arguments in support of the remedial nature of § 2307.60 are more persuasive").

Accordingly, the court finds that § 2307.60 is remedial in nature and subject to the six-year limitations period in Ohio Revised Code § 2305.07(B). Doe's § 2307.60 claim, therefore, is

not time-barred.

### B. Additional Arguments for Reconsideration

Nimene's additional arguments for reconsideration are not well-taken. Those arguments, in short, disregard his burden in seeking summary judgment, fail to grapple with Doe's testimony concerning the alleged gross sexual imposition, and misread the Supreme Court of Ohio's decision in *Buddenberg v. Weisdack*, 2019-Ohio-4621, 134 N.E.3d 212. Nor does Nimene show that there has been, since the court's summary judgment decision, "(1) an intervening change of controlling law; (2) new evidence [made] available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The court thus declines to reconsider its summary judgment decision.

### IV. CONCLUSION

For the foregoing reasons, the court denies Nimene's Motion for Reconsideration (ECF No. 85).

IT IS SO ORDERED.

> */s/ SOLOMON OLIVER, JR.*
> UNITED STATES DISTRICT JUDGE

July 15, 2024