**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JANE DOE,** | ) CASE NO.: 1:21-cv-01641-SO |
| *Plaintiff,* | ) ) JUDGE SOLOMON OLIVER, JR. |
| -vs- | ) |
| **LORAIN COUNTY BOARD OF EDUCATION,** *et al.*, | ) ) ) |
| *Defendants.* | ) ) |

**JAYRENE NIMENE'S MOTION TO CERTIFY A QUESTION OF LAW
TO THE OHIO SUPREME COURT**

**I.  MOTION AND MEMORANDUM IN SUPPORT**

The undersigned counsel on behalf of the Defendant, Jayrene "Jay" Nimene, has reviewed the Court's Order of July 15, 2024 and appreciates the Court's thorough work on the subject of the Statute of Limitations in this context.

The Defendant, however, remains concerned about permitting a civil action arising from alleged criminal allegations this late when there has been no criminal conviction.  And in fact, not even a criminal charge or indictment.  It appears to the Defendant that the doors to Pandora's Box are open wide for anyone to make specious, unfounded, and unsupported allegations that can lead to serious legal consequences.  Defendant does not believe that any Court meant to change all criminal conduct to make it a civil case without a conviction, charge, or indictment.  The case that was decided was public intimidation of public officials which is not what is before this Court.  The Plaintiff, who was in a relationship, alleges that a certain act was done that she did not appreciate.

She did not express any issue at the time it was done to anyone for months. Instead, Plaintiff had a problem with it when it was convenient.

Therefore, the Defendant, Jayrene Nimene, respectfully requests that this Court consider and grant a Motion to Certify a Question to the Ohio Supreme Court pursuant to Section 9.01 of The Supreme Court of Ohio Rules of Practice because there is a conflict of Orders on this cause and when it applies.

## II. LEGAL DISCUSSION

As this Court is well aware, The Supreme Court of Ohio, under S.Ct.Prac.R. 9.01(A) may answer a question of law certified to it by a Court of the United States. The certification can be made if the issue is determinative of the proceeding and for which there is no controlling precedent in the view of The Supreme Court of Ohio. Defendant believes the situation here fits that context.

The Supreme Court of Ohio Rule of Practice § 9.01(B) states that a case certifying a question of state law shall be instituted by the Clerk of the certifying Court, filing with the Clerk of the Supreme Court of Ohio a date-stamped Certification Order from the United States District Court for the Northern District of Ohio.

S.Ct.Prac.R. 9.02 requires that the certification Order contain: A) the name of the case; B) the statement of facts showing the nature of the case, the circumstances from which the question of law arises, the question of law to be answered, and any other information the certifying Court considers relevant to the question of law to be answered; (C) the name of each of the parties; (D) The names, addresses, telephone numbers, and attorney registration numbers of counsel for each party; and (E) a designation of one of the parties as the moving party, which can be the Defendant, Jayrene Nimene, as the Court decides.

S.Ct.Prac.R. 9.3 states that the certification Order shall be signed by any Judge presiding over the case or cause of action and the Clerk of Courts of the Northern District of Ohio shall serve copies of the certification Order upon all parties and counsel.

S.Ct.Prac.R. 9.05 states there needs to be a preliminary memorandum within twenty (20) days after the Certification Order is filed with The Supreme Court of Ohio whereby each party shall file a memorandum of facts and law not to exceed fifteen (15) pages addressing all the questions of law certified to The Supreme Court of Ohio.

S.Ct.Prac.R. 9.05 also provides that an *amicus curiae* party may file briefing as well. S.Ct.Prac.R. 9.05(B) provides that The Supreme Court of Ohio will review the memoranda and issue an Order identifying the questions it will answer or decline to answer and then the Court will send that Order to everyone involved.

Additionally, S.Ct.Prac.R. 9.06 provides that the Court upon a *sua sponte* motion may request copies of any and all portions of the District Court's Record for their review.

S.Ct.Prac.R. 9.07 states that if the Court takes the issues and decides to answer any of the questions of law certified to it, the parties shall brief the merits and the issues certified in accordance with S.Ct.Prac.R. 16.01-16.10. The Petition shall proceed under provision of the S.Ct.Prac.R. 16.01-16.10 applicable to Appellants and Appellees and The Supreme Court of Ohio pursuant to S.Ct.Prac.R. 9.07(B) may schedule the matter for oral argument.

Finally, pursuant to S.Ct.Prac.R. 9.08, if The Supreme Court of Ohio decides to answer a question or questions certified to it, it will issue a written Opinion stating the law governing the question or questions certified to it and file that with the various courts.

### III.     CONCLUSION

**WHEREFORE**, for the reasons set forth above and for good cause shown, Defendant, Jayrene "Jay" Nimene, through the undersigned counsel, respectfully requests this Court, in light of its Opinion of July 15, 2024 and its prior Summary Judgment Order, consider and certify questions to The Supreme Court of Ohio pursuant to the Rules discussed above.

          Respectfully submitted,

          MICHAEL P. HARVEY CO., L.P.A.

          */s/Michael P. Harvey*
          Michael P. Harvey, Esq. (#0039369)
          311 Northcliff Drive
          Rocky River, Ohio  44116
          Phone: (440) 570-2812
          Email: MPHarveyCo@aol.com
          ***Attorney for Defendant Jrayene Nimene***

**CERTIFICATE OF SERVICE**

  This will certify that on July 16, 2024, a copy of the foregoing *JAYRENE NIMENE'S MOTION TO CERTIFY A QUESTION OF LAW TO THE OHIO SUPREME COURT* was filed electronically.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail or email as appropriate.  Parties may access this filing through the Court's docket system.

  F. Benjamin Riek, III
  Law Offices of F. Benjamin Riek III
  755 White Pond Dr., Suite 403
  Akron, Ohio 44320-4224
  Email: fbenjaminr@msn.com
  *Attorney for Plaintiff*

                */s/Michael P. Harvey*
                Michael P. Harvey, Esq. (#0039369)
                ***Attorney for Defendant Jrayene Nimene***

MPH/rrg